IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01899-BNB

HAL AUSTIN,

      Applicant,

v.

CHIEF LOVINGER, Denver Sheriff, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 6 2009

GREGORY C. LANGHAM
CLERK

---

## ORDER

      Applicant Hal Austin currently resides in Denver, Colorado.  Mr. Austin, acting

***pro se***, initiated this action by submitting to the Court a ***pro se*** Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254.

      In an order filed on August 19, 2009, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response to address the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if

Respondent intends to raise either or both of those defenses.  On September 2, 2009,

counsel for Respondent Attorney General of the State of Colorado filed a Pre-Answer

Response and asserted that, because Mr. Austin is serving a 365-day jail sentence in

the Denver County Jail for violations of City and County Denver ordinances, the State

has no authority and no interest in the instant action.  Respondent Lovinger filed a Pre-

Answer Response on September 3, 2009, and asserted that Mr. Austin procedurally

defaulted his federal claim, because he failed to file a timely appeal and exhaust state

postconviction remedies.  (Pre-Answer Resp. at 2-3.)  Mr. Austin filed several pleadings that the Court will construe together as a Reply to Respondent Lovinger's Pre-Answer Response.

The Court must construe liberally the Application and Reply filed by Mr. Austin because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will order the Application drawn to a district judge and to a magistrate judge.

Mr. Austin was convicted of three violations of the City and County of Denver Municipal Code under § 57-43(a), unattended vegetation, § 59-282, zoning district violation, and § 59-585(4), unsurfaced area/park vehicles in Case No. 08GV455130.  Mr. Austin was sentenced to 365 days of jail time that was suspended and to one year of unsupervised probation on September 2, 2008.  Mr. Austin states, in his Application, that he did not file a direct appeal but that he filed a postconviction motion with the Denver District Court in March 2009 asserting that he was denied representation in his criminal proceedings.  Mr. Austin further states that the state district court denied his postconviction motion and that the state court of appeals affirmed the denial.  He further asserts that he appealed to the state's highest court, but the entire appeal package mysteriously was lost between the sheriff's department and the appellate court.

2

Respondents assert that Mr. Austin served the Denver County Court with his notice of appeal and designation of record on October 6, 2008, thirty-four days after a judgment was entered against him in the county court, and the Denver District Court dismissed the appeal because the appeal was not filed in the county court within thirty days after the date of entry of the judgment as required under Colo. R. Crim. P. 37(a) and Rule 237(b) of the Colorado Municipal Court Rules of Procedure.

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d). Respondents, however, contend that all claims were not properly exhausted and now are procedurally barred.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas

3

corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. *Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . .  For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." *See Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted).  Also, if it is obvious that an unexhausted claim would be procedurally barred in state court the claim is held procedurally barred from federal habeas review.  *Steele*, 11 F.3d at 1524 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed*, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (citation omitted). Mr. Austin's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994). Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).

The Court finds that Mr. Austin did attempt to exhaust his denial of representation claim by filing both a direct appeal and what appears to be an attempt to file a Colo. R. Crim. P. 35(c) postconviction motion. Based on Mr. Austin's claim that he was denied representation and based on the state-court record in Mr. Austin's proceeding, which possibly indicates that he was denied representation in a case that appears to be criminal in nature, the Court preliminarily finds that cause may exist for excusing a procedural default and allowing a review of the merits of Mr. Austin's claim. *Id.* Accordingly, the Application and action will be drawn to a district judge and to a magistrate judge.

The Court also finds that because Mr. Austin was convicted of violations of the City and County of Denver ordinances the Attorney General of the State of Colorado has no authority or interest in this proceeding and will be dismissed from the action.

Based on the above findings, it is

ORDERED that the Application and the action will be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Respondent Attorney General of the State of Colorado is dismissed as an improper party to this action.  It is

FURTHER ORDERED that Mr. Austin's requests to (1) appoint counsel; (2) investigate claims; (3) hold an evidentiary hearing; (4) add the attorney general as a respondent; and (5) authorize a subpoena, all of which are set forth in Document No. 19, are denied as either improper or premature.

DATED at Denver, Colorado, this 6th day of _November_, 2009.

BY THE COURT:

~~ZITA L. WEINSHIENK~~ Wiley Y. Daniel
United States District Judge

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 09-cv-01899-BNB

Hal Austin
4135 Green Court
Denver, CO 80211-1643

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  11/6/09

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk