IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01899-MSK-KLM

HAL AUSTIN,

    Plaintiff,

v.

LOVINGER, Denver Sheriff Chief, Denver County Jail
Supervisor or Designated Employee

    Defendant.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Applicant's **Motion to Facilitate Ignorance Moderation and the Implementation of the Relief Promised Within the Habeas Corpus Act** [Docket No. 24; Filed November 5, 2009] (the "Motion").

    The Applicant has filed an Application for Writ of Habeas Corpus.  He is proceeding in this matter *pro se*, and so the Court will construe his pleadings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Applicant's motion contains numerous vague requests for Court action.  The Court has attempted to identify those requests and provide the Applicant with a brief explanation of why his requests cannot be granted.

    (1)The Applicant requests "access to sufficient legal information like the details of this court's now obscure HC [Habeas Corpus] process analogous to the filing information packets previously provided."  Applicant was mailed an information packet, including the necessary forms for filing a habeas corpus application.  *See* Docket No. 2, Certificate of

Mailing. The Court has no further information to send to the Applicant.

(2) The Applicant requests that his application be resolved speedily, with the "urgency" and "relative priority" that it deserves. The Court will construe this request as a request for an order, and the request is denied. On November 10, 2009, the Court ordered the respondent to file an Answer to the Application within 45 days and gave the Applicant 30 days to respond to that Answer once it is filed. *See* Docket No. 27. The Applicant's application therefore is not yet ripe for resolution.

(3) The Applicant requests access to Lexis/Nexis, an internet-based legal research database. This request is denied. The Applicant is not entitled to access to Lexis/Nexis, but he is entitled to access to the courts. He has made no showing that any limitations on his ability to perform legal research is hindering his access to the courts. *See Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir. 1978) (noting that the adequacy of the prison law library "is but one factor in the totality of all factors bearing on the inmates' access to the courts which should be considered").

(4) The Applicant requests "access to a bona fide HC expert lawyer." The Court will construe this request as a request for appointment of counsel, and the request is denied. The Applicant previously has filed three motions for appointment of counsel. Docket Nos. 8, 18, 21. Those motions were denied as premature. Docket Nos. 20, 22, 23. His most recent request was filed on October 26, 2009, and denied on November 2, 2009. The request remains premature. The respondent has not yet filed an Answer.

(5) The Applicant requests that the Court "examine pertinent documents

because they have been with held [sic] from the 'official' record."[1]   This request is premature.  By Order of the Court issued November 10, 2009, the respondent has been directed to file with the Court pertinent portions of the state court record.  *See* Docket No. 27.  The Court will review those documents identified by the parties as relevant.

(6)   The Applicant requests that the Court provide him with a "mechanism" of seeking damages from the respondent.  Damages are not available in an action for relief through a Writ of Habeas Corpus.  If the Applicant wishes to pursue an action for damages against the respondent, he must do so by filing a separate action.

Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **DENIED**.

Dated:  November 12, 2009

---

[1] The Applicant continues to use the initials "HC" and requests that "HC" examine the documents.  The context of the request and his previous use of "TC" to refer to "the Court" together suggest that the Applicant means the Court, not "Habeas Corpus."