IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01899-MSK-KLM

HAL AUSTIN,

    Applicant,

v.

LOVINGER, Denver Sheriff Chief, Denver County Jail
Supervisor or Designated Employee,

    Respondent.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Applicant Hal Austin's **[Amended] Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** [Docket No. 9; Filed August 14, 2009] (the "Application"). Respondent filed an Answer Brief on December 7, 2009 [Docket No. 30], and Applicant filed two documents titled "Preliminary Response to Answer" on January 7, 2010 and March 19, 2010 [Docket Nos. 31 & 33] (collectively, the "Traverse"). The Application is ripe for resolution. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C.COLO.LCivR 72.1C.3., the matter has been referred to this Court for recommendation. For the reasons set forth below, the Court **RECOMMENDS** that the Amended Application for a Writ of Habeas Corpus be **DENIED** and the case **DISMISSED**.

**I. Statement of the Case**

    At the time when Applicant filed his Application, he was on supervised release serving a suspended sentence for the violation of several Denver City and County ordinances [Docket No. 30-1]. *Answer Brief* [#30] at 2. On November 2, 2009, Applicant's

case was reviewed by the state court, and he was found to have fully complied with the terms of his supervised release. Accordingly, the remainder of his suspended sentence was terminated and the case was closed [Docket No. 30-1].[1]

In the Application, Applicant seeks "release from incarceration" and "immediate release." *Application* [#9] at 10. In his Answer Brief, Respondent contends that Applicant's current release status serves to moot his claim. *Answer Brief* [#30] at 3-4. In his Traverse, Applicant contends that Respondent's Answer Brief is a "non [sic] responsive sham Answer" and a "hoax" because it does not address the constitutionality of his underlying claim. *Traverse* [#31] at 1, 8. While Applicant contends that Respondent is "habitually . . . corrupt," and that it has "planned [sic] moot portion of the petition [so that its] civil rights crimes will go unnoticed," he does not dispute that his sentence has been served and that his case is now closed. *See id.* at 8-10.

## II. Standard of Review

Applicant is challenging the legitimacy of his state court conviction pursuant to 28 U.S.C. § 2254. Because Applicant is proceeding *pro se*, the Court must construe his Application liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). In this regard, the Court should carefully weigh the need for Applicant to present constitutional claims against any procedural defects caused by Applicant's *pro se* status. *See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993). However, the Court is not the nonmoving party's advocate and must nevertheless deny an

---

[1] To the extent that there is any uncertainty that Applicant's suspended sentence was terminated as of November 2, 2009, I note that had Applicant served the full 155 days remaining on his sentence, the sentence would have been complete as of January 2, 2010 (155 days from July 31, 2009) [Docket No. 30-1]. Applying either date, Applicant is no longer in custody.

2

application that is based on vague or conclusory allegations or does not entitle the pleader to relief. *Hall*, 935 F.3d at 1110.

### III. Analysis

28 U.S.C. § 2254(a) provides:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

(Emphasis added).

As a preliminary matter, this Court has no jurisdiction to consider moot cases, which are described as cases in which "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980) (citation omitted). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (citing *Beattie v. United States*, 949 F.2d 1092, 1093 (10th Cir 1991)); *see also Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1 (1998)) ("A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution."). "[A] case may be rendered moot (and, therefore, subject to dismissal) if changed circumstances eliminate any possibility of effectual relief." *Me. Sch. Admin. Dist. No. 35 v. Mr. & Mrs. R.*, 321 F.3d 9, 17 (1st Cir. 2003).

Respondent contends that Applicant's release from state custody, including the

termination of his supervised release and suspended sentence, moots the Application.[2] However, release from custody does not automatically moot an Applicant's claims if he can "demonstrate that serious collateral consequences of his incarceration exist – i.e., that there is 'some concrete and continuing injury.'" *Holley v. Andraschko*, 80 Fed. Appx. 614, 615 (10th Cir. Oct. 22, 2003) (unpublished decision) (quoting *Spencer*, 523 U.S. at 7).

Here, Applicant does not directly address whether he suffers any continuing injury from his prior conviction or sentence. Applicant's Traverse is limited to challenging the validity of his underlying conviction and accusing Respondent of "illegal chicanery" and "creat[ing] an illegal, hysterical, RICO defined criminal consortium." *Traverse* [#31] at 3, 8. Applicant's name calling and attempts to prove the merits of his claim are misplaced in response to Respondent's contention that his claim is moot. Given Applicant's largely unintelligible and nonresponsive Traverse, there is no indication whether Applicant suffers a concrete continuing injury. Nor can the Court identify any continuing injury related to Applicant's claim, which is limited to whether the procedures for conviction employed by Respondent were constitutional.

While mootness may be defeated if an injury is capable of repetition yet evading review, Applicant's alleged injury does not appear to be capable of repetition because Applicant served his term and was released without supervision or condition. Nevertheless, the Court considers whether "(1) the challenged action [is] in duration too short to be fully

---

[2] To clarify, although Applicant was not incarcerated at the time of the filing of his Application, the Supreme Court has held that when an applicant's "release from physical confinement under the sentence in question was not unconditional" and applicant remained obligated to "report[] regularly to his parole officer, remain in a particular community, residence, and job, and refrain[] from certain activities" he was "in custody" for the purposes of filing an application for habeas corpus. *Maleng v. Cook*, 490 U.S. 488, 491 (1989).

4

litigated prior to cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Spencer*, 523 U.S. at 17 (citations omitted). Putting aside whether Applicant's custodial detention was too short to allow adjudication of its legality, the Court concludes there is no reasonable expectation that Applicant will again be placed in custody in relation to his alleged unlawful prior conviction. Although it is arguable that Applicant may be convicted of committing a new violation of the same ordinances and be subjected to similar treatment, the possibility that Applicant will commit conduct subjecting him to similar adjudication "is too speculative to constitute an actual injury within the meaning of Article III." *See generally Camara v. Comfort*, 235 F. Supp. 2d 1174, 1175 (D. Colo. 2002) (finding that possibility that applicant who was released on bond would be again detained was "hypothetical" and not a concrete injury that court could address); *see also Spencer*, 523 U.S. at 18 (noting that it is not reasonably likely that individual will once again be in a similar situation involving a new offense).

Simply, "[b]ecause [Applicant] has already been released from custody, 'there is nothing for [the Court] to remedy. Mootness, however it may have come about, simply deprives [the Court] of [its] power to act.' The federal courts 'are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong.'" *Holley*, 80 Fed. Appx. at 615 (quoting *Spencer*, 523 U.S. at 18). Accordingly, I agree with Respondent that Applicant's release, which fully provides him with the remedy that he is seeking and cures his claimed injury, moots his habeas claim. *See also Bell v. City & County of Denver*, 936 F.2d 582 (table) (10h Cir. June 26, 1991) (unpublished decision) (noting that "[p]etitioner's custody had unconditionally ended . . . and,

5

consequently, the district court was without subject matter jurisdiction to consider his petition); *Hawkins v. Lawrence*, 66 Fed. Appx. 161, 162 (10th Cir. Apr. 23, 2003) (unpublished decision) (holding that where the relief requested in the application has already been provided, there is "no longer any controversy to resolve").[3]

### IV. Conclusion

As set forth above, I respectfully **RECOMMEND** that the Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 be **DENIED** and that this case be **DISMISSED with prejudice.**

IT IS HEREBY **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have fourteen (14) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Resources Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: June 1, 2010

---

[3] To the extent that Applicant also seeks monetary damages, see *Traverse* [#33] at 9-10, damages are not an available remedy in a habeas action and do not factor into the question of whether Applicant has received the breadth of the remedy that he is requesting. *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

BY THE COURT:

s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix